IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. **09-4085-MHP** |
| Plaintiff, ) | |
| ) | |
| v. ) | [Proposed] **PRELIMINARY INJUNCTION ORDER** |
| SETH C. SUNDBERG a/k/a FRANCO ) METCALF and RASHEA ROBERTS, ) | |
| Defendants. ) | |

Plaintiff, the United States of America ("United States"), having filed its Complaint (A) to reduce to judgment an assessment made against defendant Seth C. Sundberg; and (B) for injunctive relief against Seth Sundberg and Rashea Roberts to recover a falsely-obtained refund, and having applied for a Preliminary Injunction Order pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and 26 U.S.C. § 7402(a), and the Court having considered the Complaint, plaintiff's motion, and the information filed in support thereof, finds as follows:

1. This Court has jurisdiction of the subject matter of this case, and there is good cause to believe that it will have jurisdiction of all parties to the case, and that venue in this district is proper.

2. There is good cause to believe that defendant Seth Sundberg was issued a refund from the Internal Revenue Service in the amount of $5,083,609.25 through fraudulent means, that Sundberg is now indebted to the United States for the outstanding balance of the falsely-obtained

1  refund (plus interest and other statutory accruals), that Sundberg has actively sought to hide or
2  otherwise prohibit the United States from recovering the falsely-obtained refund (or any assets
3  acquired with the refund proceeds), and the United States is likely to prevail on the merits of this
4  action.

5        3. There is good cause to believe that defendants Seth Sundberg and Rashea Roberts will
6  dispose, dissipate, or otherwise hide any remaining funds and assets absent a preliminary injunction,
7  further reducing the United States' likelihood of a full recovery by placing such funds and assets
8  beyond the reach of the Government.

9        4. There is good cause to believe that defendants Seth Sundberg and Rashea Roberts, by
10 disposing, dissipating, or otherwise hiding any remaining funds and assets, will immediately and
11 irreparably damage the Court's ability to grant effective monetary relief to the United States, and
12 that in accordance with FED. R. CIV. P. 65(b), the interests of justice therefore require that this Order
13 be granted.

14       5. A balance of the hardships favors the United States, and a Preliminary Injunction Order
15 and other equitable relief advances the public interest.

16       6. No security is required of the United States for issuance of a Preliminary Injunction
17 Order. FED. R. CIV. P. 65(c). Accordingly,

18       **IT IS ORDERED** that defendant Rashea Roberts is hereby **ENJOINED** from disposing of
19 or otherwise dissipating the refund proceeds (or any assets acquired with those proceeds).

20       **IT IS FURTHER ORDERED** that defendant Rashea Roberts shall immediately
21 **SURRENDER** such falsely-obtained refund proceeds (or any assets acquired with those proceeds)
22 into the Registry of the Court and/or to the Internal Revenue Service.

23       **IT IS FURTHER ORDERED** that Rashea Roberts shall immediately **ACCOUNT** to the
24 Court and to counsel for the Government the location and transactional history (complete with all
25 supporting documentation of any transfers or other disbursements) of any such proceeds and assets
26 which have not been surrendered into the Registry of the Court and/or to the Internal Revenue
27 Service.

28

*Case No. 09-4085-MHP*
*[Proposed] Preliminary Injunction Order*     2

**IT IS FURTHER ORDERED** that defendant Rashea Roberts shall immediately **SURRENDER** her passport to the Court until a final adjudication of the Unites States' claims.

**THUS DONE AND SIGNED** on this 14th day of September, 2009 at San Francisco, California.

_____
UNITED STATES DISTRICT JUDGE

